

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Mae Dean, Anthony Dorsey,　　　　　　)
and Dorothy Fitzpatrick,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　No.　　05 C 2454
　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　The Honorable William J. Hibbler
City of Harvey, Todd Gallagher, and　　　)
Officer Pillars,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　)

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mae Dean, Anthony Dorsey, and Dorothy Fitzpatrick (collectively "Plaintiffs") filed a two-count amended complaint against Defendants City of Harvey ("City"); Todd Gallagher, Director of Planning and Development ("Gallagher"); and Police Officer Pillars ("Pillars")[1] alleging various federal law claims. Before the Court is the City of Harvey's motion to dismiss Plaintiffs' amended complaint in its entirety or to strike Plaintiffs' claims for injunctive relief, pursuant to *Federal Rules of Civil Procedure 12(b)(6)* and *12(f)*, respectively. For the reasons set forth below, Defendant's motion to dismiss the amended complaint is GRANTED. In light of this ruling, Defendant's motion to strike Plaintiffs' claims for injunctive relief is DENIED as moot.

---

[1] Plaintiffs name Defendant as "Officer Pollar." (Am. Compl. at 2.) Defendant notes that this designation is incorrect. (Def.'s Mot. Dismiss at 2.) Accordingly, the Court refers to said Defendant as "Officer Pillars."

1

## I. Factual Background

The following summary of factual allegations is taken from Plaintiffs' amended complaint and is deemed true for purposes of this motion. *See Cody v. Harris*, 409 F.3d 853, 857 (7th Cir. 2005).

On March 3, 2004, City police officers along with the Assistant City Mayor, acting on a criminal complaint issued by Gallagher, arrived at Dean's house and rang the doorbell. (Am. Compl. at 2-4.) As Dean opened the door, the officials entered the residence without possession of a search or arrest warrant. (*Id.* at 2, 3.) Upon their entrance, these officials informed Dean that the City owned the house and that as a result, Dean and all other occupants were trespassing. Dean offered to provide proof that she purchased the house six months earlier but the officials refused to examine her title to the property. The City officials forced Dean to get dressed and both she and Fitzpatrick were subsequently arrested. After transporting Dean and Fitzpatrick to jail, the City took possession of the house. Because the house was boarded-up, Dorsey was unable to enter upon returning from work. (*Id.* at 3.)

Plaintiffs filed a lawsuit against the City, Gallagher, and Pillars. Plaintiffs bring Count I against the City and Gallagher for violations of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983. (*Id.* at 4.) Plaintiffs bring Count II against all Defendants, pursuant to 42 U.S.C. § 1983, for violations of the Fourth Amendment. Plaintiffs seek declaratory and injunctive relief, monetary damages, litigation costs and expenses under 42 U.S.C. § 1988, and an order from the Court directing Defendants to implement specified policies. The City moves to dismiss the complaint in its entirety or to strike Plaintiffs' claims for injunctive relief pursuant to *Federal Rules of Civil Procedure 12(b)(6) and 12(f)*.

## II. Standard of Review

Motions to dismiss under Rule 12(b)(6) test the sufficiency of the complaint rather than the merits of the case. *Midwest Gas Servs. v. Ind. Gas Co.*, 317 F.3d 703, 714 (7th Cir. 2003). In reviewing a motion to dismiss, a court construes all allegations in the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts and allegations within the complaint as true. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002); *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). The moving party bears the burden of showing beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). A complaint is not required to allege all or any of the facts logically entailed by the claim. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

## III. Analysis

### A. §1983

Under § 1983, municipalities are liable only when plaintiffs show that the municipality, in executing its official policy or practice, caused the constitutional violation. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). The Seventh Circuit has held that the official policy or custom can be presented in the form of an express policy, a widespread practice, or "an allegation that the constitutional injury was caused by a person with final policymaking authority. *Garrison v. Burke*, 165 F.3d 565, 571-572 (7th Cir. 1999).

Plaintiffs contend that their complaint satisfies the liberal notice pleading standards dictated by Federal Rule of Civil Procedure 8. The Court, however, finds that the complaint fails to include factual allegations to support its assertions that the City has an official policy that condones the complained of behavior. When alleging a claim under § 1983, complaints are not subject to

3

heightened pleading requirements. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 165, 122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993). Nonetheless, when asserting § 1983 claims, plaintiffs must do more than plead empty allegations of municipal policy. *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996). While it is true that Federal Rule of Civil Procedure 8 does not require detailed factual pleading, plaintiffs "must still direct the defendant to the factual cause of the plaintiff's alleged injury." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). "Boilerplate allegations of municipal policy, entirely lacking in any factual support that a [municipal] policy does exist, are insufficient . . .The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions of section 1983 liability devoid of any well-pleaded facts." *Id.* (quoting *Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 736 (7th Cir. 1994).

Plaintiffs' allegations regarding their incident represent the sole basis upon which they build their conclusion that the City has an unconstitutional policy. They offer no specific facts suggesting that the City has issued criminal complaints without procedural safeguards against any other individuals. In other words, Plaintiffs' claims fail to allege facts showing a pattern of constitutional violations. Moreover, like the plaintiff in *McTigue* – where the Seventh Circuit affirmed the complaint's dismissal – Plaintiffs fail to indicate the types of policies or practices they believe to be in existence at the City. *McTigue*, 60 F.3d at 382-83. Plaintiffs cite *Villa v. Franzen*, 511 F. Supp. 231 (N.D. Ill. 1981), for the proposition that mere allegations of an official policy, custom, or practice are sufficient to satisfy the pleading standards of Rule 8. For the reasons stated above, this Court disagrees. Accordingly, Plaintiffs' § 1983 claims are dismissed.

## B. Claims Against Gallagher and Pillars

The statute of limitations applicable to claims arising under 42 U.S.C. § 1983 is to be governed by the limitations period for personal injury actions in the state where the federal court sits. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985). In Illinois, the applicable limitations period for personal injury claims is 2 years. 735 ILCS 5/13-202. *See Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006) (stating that the limitations period for § 1983 claims in Illinois is 2 years); *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998) (referencing the 2 year Illinois statute of limitations period for § 1983 actions). Accordingly, in order to comply with the limitations period, Plaintiffs had to file their complaint on or before March 3, 2006, since their cause of action arose on March 3, 2004. Although Plaintiffs filed their complaint on April 25, 2005, they failed to name Gallagher and Pillars as Defendants on that date. Instead, Plaintiffs named – in addition to the City – Steve Doe, Mike Doe, Joe Doe, and Mary Doe. Plaintiffs subsequently amended their complaint on September 1, 2006, to name Gallagher and Pillars as additional Defendants. The Seventh Circuit, however, has stated that "the substitution of named individuals for 'John Doe' defendants constitutes a 'change of parties' within [Federal] Rule [of Civil Procedure] 15(c) and thus the requirements of 15(c) must be met." *Delgado-Brunet v. Clark*, 93 F.3d 339, 344 (7th Cir. 1996). As a result, Plaintiffs' claims against Gallagher and Pillars survive only if the filing of their first amended complaint relates back to the filing of their original pleading.

The Seventh Circuit has held that Federal Rule of Civil Procedure 15(c)(3) allows an amendment to relate back to the original complaint only "where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *See Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998) (quoting

*Worthingham v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993)). In addition, the Seventh Circuit has established that Rule 15(c)(3) "does not permit relation back . . . where there is a lack of knowledge of the proper party." *Id.* (citing *Delgado-Brunet*, 93 F.3d at 344). In the case at bar, Plaintiffs' failure to name Gallagher and Pillars did not arise out of any sort of "mistake" as contemplated by Rule 15(c)(3), but "was due to a lack of knowledge as to [Gallagher and Pillars'] identity." *Worthington*, 8 F.3d at 1257. Thus, Plaintiffs' amended complaint does not relate back and the claims against Gallagher and Pillars are consequently barred by the statute of limitations.

In support of their argument that the claims relate back, Plaintiffs cite *Donald v. County Sheriff's Department*, 95 F.3d 548 (7th Cir. 1996). However, Plaintiffs' reliance on *Donald* is misplaced. In *Donald*, the court held that "public officials are charged with the knowledge that they are the appropriate targets of Section 1983 suits." *Id.* at 557 (citing *Woods v. Indiana University-Purdue University*, 996 F.2d 880 (7th Cir. 1993)). However, "in the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of Rule 15(c)(2) [now Rule 15(c)(3)] whether or not the purported substitute party knew or should have known that the action would have been brought against him." *Baskin* 138 F.3d at 704. (citing *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980)). Plaintiffs do not contend that their failure to allege claims against Gallagher and Pillars was a result of mistake. As a result, *Donald* does little to strengthen Plaintiffs' argument.

Plaintiffs further argue that equitable estoppel constitutes a separate basis for concluding that their claims against Gallagher and Pillars are timely. But equitable estoppel, when invoked as a defense to the statute of limitations, requires that plaintiffs present evidence that defendants took active steps to prevent plaintiffs from suing in a timely manner. *Hentosh v. Herman Finch Univ.*, 167 F.3d 1170, 1174 (7th Cir. 1999). Qualifying acts are typically those of wrongdoing, such as

promising not to rely on a statute of limitations defense. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990). In this case, Plaintiffs equate Defendants' failure to respond to Plaintiffs' complaint as dictated by Federal Rule of Civil Procedure 12(a), as an act of wrongdoing that justifies an equitable estoppel defense. The Court disagrees. Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *United States v. One 1979 Rolls Royce Corniche Convertible*, 770 F.2d 713, 716 (7th Cir. 1985) (citing *Ben Sager Chemicals Int'l., Inc. v. E. Targosz & Co.*, 580 F.2d 805, 809 (7th Cir. 1977). The court may relieve a party from an order if the judgment was entered because of "mistake, inadvertence, surprise, or excusable neglect" or where the "judgment is void." Fed. R. Civ. P. 60(b)(1), (4). Additionally, the party seeking vacation of the order must make a showing of good cause for the default. Fed. R. Civ. P. 55(c). In keeping with these requirements, the Court granted Defendants' motion to vacate the default judgment. Consequently, the Court does not believe that Defendants' failure to respond in the manner set forth by Rule 12(a) was an act of deliberate wrongdoing – a requirement necessary to invoke the defense of equitable estoppel. However, even if this was the case, Plaintiffs' argument would still fail. Once the circumstances giving rise to the estoppel are removed, the filing of the suit cannot be delayed indefinitely. *Bailey v. Int'l Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers, Local 374*, 175 F.3d 526, 530 (7th Cir. 1999). Upon learning that Defendants submitted a motion to alter the default judgment on January 6, 2006, Plaintiffs could have amended their complaint to assert claims against Gallagher and Pillars. Although Plaintiffs were required, under the equitable estoppel doctrine to promptly act, they did not. Therefore, Plaintiffs' claims against Gallagher and Pillars are dismissed.

## C. Injunctive Relief

Defendant argues that Plaintiffs improperly seek injunctive relief because Plaintiffs present no actual case or controversy that would warrant such relief. "It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Art. III of the Constitution by alleging an actual case or controversy." *L.A. v. Lyons*, 461 U.S. 95, 101, 75 L. Ed. 2d 675, 103 S. Ct. 1660 (1983) (citing *Flast v. Cohen*, 392 U.S. 83, 94-101 (1968)). To meet this requirement, plaintiffs must have sustained an injury or be in immediate danger of sustaining an injury and the injury or threat of injury must be "real and immediate" not "conjectural" or "hypothetical." *Id.* at 101, 102. Past exposure to illegal conduct, without plaintiffs showing continuing, present, adverse effects, does not in itself show a present case or controversy for purposes of injunctive relief. *Id.* at 102.

In *Lyons*, relied on by Defendant, the Supreme Court held that Lyons' prior exposure to the unconstitutional actions of the police officers was not sufficient to demonstrate a present case or controversy for injunctive relief and that Lyons, in order to establish such a case or controversy, would have to have alleged either 1) that every Los Angeles police officer would always choke any individual that they encountered during an arrest, questioning, or issuing of a citation, or 2) that the city of Los Angeles instructed or authorized its police officers to use said measures. *Id.* at 106.

Plaintiffs allege that the City failed to establish procedures to prevent the alleged constitutional violations at issue in this case and thus, Dean or other individuals may be subject to the same improper conduct. This amounts to nothing more than "conjecture over the prospect of some future injury," which is exactly what the Supreme Court has warned against. *Id.* at 108.

Having failed to produce evidence that the City always seizes property in the manner alleged or that the City has policies instructing or authorizing its officials to proceed in such manner, Plaintiffs have failed to make a sufficient showing. Consequently, the Court dismisses Plaintiffs' claims for injunctive relief.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Complaint. Plaintiffs' claims against Gallagher and Pillars are dismissed with prejudice. Plaintiffs' § 1983 claims are dismissed without prejudice. Plaintiffs may amend their complaint within 14 days from entry of this order in accordance with our ruling, if they so choose. The motion to strike Plaintiffs' request for injunctive relief is DENIED as moot.

IT IS SO ORDERED.

10/30/06
Dated

Wm. J. Hibbler
The Honorable William J. Hibbler
United States District Court.