IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| Mae Dean, Anthony Dorsey, and Dorothy Fitzpatrick, | )<br>)<br>) |
| Plaintiffs, | ) No. 05 C 2454<br>)<br>) |
| vs. | )<br>) The Honorable William J. Hibbler |
| City of Harvey, et al., | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mae Dean, Anthony Dorsey, and Dorothy Fitzpatrick (collectively "Plaintiffs") initially filed a two-count amended Complaint against Defendants City of Harvey ("City"); Todd Gallagher, City of Harvey's Director of Planning and Development ("Gallagher"); and Police Officer Pillars ("Pillars") alleging pursuant to *42 U.S.C. § 1983* violations of their constitutional rights. Defendants moved to dismiss that amended Complaint in its entirety. By order of October, 30, 2006, the Court granted Defendants' motion to dismiss as to Gallagher and Office Pillars with prejudice and as to the City of Harvey without prejudice. Plaintiffs thereafter filed a second amended Complaint again alleging that the City violated Plaintiffs' due process rights and that certain Plaintiffs were arrested without probable cause in violation of *§ 1983*. The matter now before the Court is the City's motion to dismiss the second amended Complaint pursuant to *Fed. R. Civ. P. 12(b)(6)*. For the reasons stated below, the City's motion to dismiss is denied.

1

## I. Factual Background

The following facts are taken from Plaintiffs' second amended complaint. For present purposes and as required, the Court accepts well-pleaded allegations as true. *See Cody v. Harris*, 409 F.3d 853, 857 (7th Cir. 2005).

On behalf of the City of Harvey, Todd Gallagher filed a complaint alleging that Plaintiff Dean was criminally trespassing at a residence located in the City of Harvey. According to Plaintiffs, Dean is the legal owner of that residence and resided there with Plaintiffs Dorsey and Fitzpatrick. On or about March 3, 2004, unidentified City personnel, City police officers, and an unknown Assistant City Mayor, acting on the criminal complaint issued by Gallagher, served said complaint at Dean's residence. Upon entrance, these officials allegedly informed Dean that the City owned the house and that, as a result, Dean and all other occupants were trespassing on the property. Dean offered to provide documentation that she lawfully owned the property, however, the officials refused to examine her title to the property. City officials then took possession of the residence and subsequently arrested Dean and Fitzpatrick. One of Dean's neighbors later informed her that he had similarly been arrested for trespassing at his own residence by the City.

## II. Standard of Review

Motions to dismiss under Rule 12(b)(6) test the sufficiency of the complaint rather than the merits of the case. *Midwest Gas Servs. v. Ind. Gas Co.*, 317 F.3d 703, 714 (7th Cir. 2003). In reviewing a motion to dismiss, a court construes all allegations in the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts and allegations within the complaint as true, and it draws all reasonable inference from those facts in favor of the plaintiff. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002); *Stachon v. United Consumers Club*,

*Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). The moving party bears the burden of showing beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). A complaint is not required to allege all or any of the facts logically entailed by the claim. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

### III. Analysis

A. Final Policymaking Authority

The City of Harvey seeks dismissal of Plaintiffs' *§ 1983* claims of lack of due process and probable cause for failure to state a claim upon which relief may be granted. Pursuant to § 1983, a municipality or governmental entity may be held liable when a deprivation of constitutional rights results from a municipal policy or custom. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). Municipal liability may be demonstrated "(1) by an express policy that causes a constitutional deprivation; (2) by a widespread practice that, although not authorized by written law, is so permanent and well settled it constitutes a custom or usage with the force of law; or (3) by a showing that the constitutional injury was caused by a person with final decision-making authority." *See Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994).

The City argues that because Gallagher, as Director of Planning, did not have final policymaking authority with respect to the seizing of Dean's residence by City Officers, Plaintiffs fail to allege facts demonstrating that a person with final decision-making authority caused a constitutional injury. In support of its argument, the City submits that state law provides the duties and powers as police officers, in relevant part as:

3

> Sec. 11-1-2. Duties and powers of police officers. (a) Police officers in municipalities shall be conservators of the peace. They shall have the power (I) to arrest or cause to be arrested, with or without process, all persons who break the peace or are found violating any municipal ordinance or any criminal law of the State . . .
> \* \* \*
> **(c) The corporate authorities of each municipality may prescribe any additional duties and powers of the police officers.**

§ 65 ILCS 5/11-1-2 (emphasis added). Moreover, 65 ILCS./11-1-2 Sec. 1-1-2 defines corporate authorities as follows:

> "Corporate authorities" means (a) the mayor and aldermen or similar body when the reference is to cities, (b) the president and trustees or similar body when the reference is to villages or incorporated towns, and (c) the council when the reference is to municipalities under the commission form of municipal government."

65 ILCS 5/1-1-2.

Thus, Defendants argue Gallagher did not have final policymaking authority with respect to directing police procedure and, further, was not delegated any final policymaking authority by a corporate authority.

When alleging a claim under *§ 1983*, complaints are not subject to heightened pleading requirements. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 165, 122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993). The Seventh Circuit has maintained that when asserting a *§ 1983* claim of municipal liability, a plaintiff need not plead facts, but may plead conclusions. *See McCormick v. City of City of Chicago*, 230 F.3d 319 (7th Cir. 2000). Indeed, the Seventh Circuit set forth that "plaintiffs need not allege all, or any of the facts logically entailed by the claim . . . A plaintiff does not have to plead evidence . . . .[A] complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing." *Id.* at 324.

4

Plaintiffs' amended Complaint satisfies the liberal notice pleading requirements of the Federal Rules of Civil Procedure in asserting a claim of *§ 1983* liability against the City. If Plaintiff's allegations are true, as the Court assumes they are for the instant purposes, the second amended Complaint specifically alleges that Gallagher had final policymaking authority with regard to the issuance of the criminal complaint against Dean. Plaintiffs further allege that Gallagher acted on the behalf of the City of Harvey and denied them a constitutional right within the meaning of *42 U.S.C. § 1983*. Additionally, the Complaint alleges that an unknown Assistant Mayor, along with other city officials and who was in charge of the City's officers, served the complaint to Dean's residence. The Court finds that it is a reasonable inference that Gallagher may have been delegated authority with regard to the issuance of the criminal complaint by the appropriate "corporate authorities" or that a city official with final policymaking authority acknowledged the conduct and approved of it. This is sufficient to state a claim under the liberal federal notice pleading standard. A complaint need contain only enough to allow the court and defendants to understand the gravamen of the complaint. *Id.* at 323 - 324. At this stage of the proceedings, whether plaintiff will prevail in demonstrating that Gallagher actually had final policymaking authority or final policymaking authority had been delegated to him is an issue to be determined at a later time.

B. Failure to Plead Custom or Policy

In the alternative, Defendants argue that Plaintiffs' Complaint fails to provide factual allegations that the City acted pursuant to any custom or policy. The Court finds that the allegations set forth by Plaintiffs are sufficient to allege the City of Harvey's policy or custom caused Plaintiffs' constitutional harm. Plaintiffs generally allege facts suggesting that the City has issued criminal complaints for trespassing without procedural safeguards against other individuals. Plaintiffs'

Complaint generally avers that the City engaged in a practice or custom of taking residents property without due process. As stated before, although the allegations specific to the City's policy or custom are cursory, that is enough to place the City on notice of the crux of Plaintiffs' complaints. *See McCormick*, 230 F.3d at 324.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint.

IT IS SO ORDERED.

1/29/07
Dated

The Honorable William J. Hibbler
United States District Court.